IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 97-421 |
| : | |
| CHARLES VASQUEZ : | |
| : | |

**O R D E R**

On January 8, 1999, Defendant Charles Vasquez pled guilty to various drug and weapons offenses before Judge Yohn, and was sentenced to 149 months imprisonment followed by 8 years of supervised release.  (Doc. No. 24.)  Following a Third Circuit remand, Judge Yohn resentenced Defendant to 84 months imprisonment followed by 8 years of supervised release. (Doc. Nos. 40, 41.)

On February 9, 2007, the Lancaster City Police Department charged Defendant with various drug offenses; on July 24, 2008, the Department charged him with theft by unlawful taking and receiving stolen property; and on September 21, 2009, the Department charged him with fleeing police and driving with a suspended license.  (Doc. No. 51.)   On March 4, 2010, Judge Madenspacher of the Lancaster County Court sentenced Defendant to 5 to 10 years imprisonment for these offenses.  (Id.)  On September 27, 2010, after a hearing, Judge Yohn revoked Defendant's supervised release and sentenced him to a term of 23 months imprisonment with no supervision to follow, to run consecutive with his state-court sentence.  (Doc. No. 58.)

On September 10, 2015, Defendant filed a *pro se* Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Guidelines Amendment 782.  (Doc. No. 62.)   On November 9, 2015, the matter was reassigned to me.  (Doc. No. 64.)  Because Defendant is ineligible for a sentence reduction, I will deny his Motion.

Section 3582(c)(2) allows the Court to reduce Defendant's sentence only if, *inter alia*, "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). I am not authorized to reduce a sentence imposed for a supervised-release violation because doing so would be inconsistent with the Commission's policy statement. See U.S.S.G § 1B1.10 (policy statement). The statement authorizes a sentence reduction only for a term of imprisonment that was imposed on the *original* offense; it "does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10 app. note 7(A) ("Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section."); see, e.g., United States v. Washington, No. CRIM. 03-72-02, 2015 WL 4094411, at *2 (W.D. Pa. July 7, 2015) (defendant ineligible for reduction of sentence imposed for violation of supervised release "because he is not serving a term of imprisonment that was part of his original sentence"). The Circuits agree that a defendant serving a sentence imposed for violating supervision is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). United States v. Cuff, 338 F. App'x 161, 164 (3d Cir. 2009); United States v. Nelson, 410 F. App'x 734, 735 (5th Cir. 2010); United States v. Morales, 590 F.3d 1049, 1053 (9th Cir. 2010); United States v. Fontenot, 583 F.3d 743, 744 (10th Cir. 2009); United States v. Forman, 553 F.3d 585, 589 (7th Cir. 2009); United States v. Holmes, 323 Fed.Appx. 848, 850 (11th Cir. 2009); see also United States v. Thorne, 66 F. Supp. 3d 129, 133 (D.D.C. 2014).

Accordingly, I will deny Defendant's Motion.

**AND NOW**, this 10th day of May, 2016, upon consideration of Defendant's *pro se* Motion for Reduction of Sentence (Doc. No. 62), it is hereby **ORDERED** that Defendant's Motion is **DENIED**.

                                        **AND IT IS SO ORDERED.**

                                        */s/ Paul S. Diamond*

                                        _____
                                        Paul S. Diamond, J.